NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the Matter of | : | Case No. 11-27292/JHW |
| Todd W. & Deneen Lafferty | : | **OPINION ON** |
| Debtors | : | **MOTION TO EXPUNGE** |

APPEARANCES:   Nicholas S. Herron, Esq.
Law Offices of Seymour Wasserstrum
205 Landis Avenue
Vineland, New Jersey  08360
Counsel for the Debtors

Steven K. Eisenberg, Esq.
Stern & Eisenberg
The Pavilion, Suite 410
Jenkintown, Pennsylvania  19046
Counsel for eCAST Settlement Corporation

**FILED**
JAMES J. WALDRON, CLERK
December 19, 2012
U.S. BANKRUPTCY COURT
CAMDEN, NJ
BY:  s/ Theresa O'Brien, Judicial
Assistant to Judge Wizmur

The debtors move to expunge the proof of claim filed by a post-petition assignee of credit card debt, eCAST Settlement Corporation.  The debtors do not dispute the validity of the underlying debt.  Rather, they challenge the assignee's standing to file a proof of claim in place of the original creditor, contending that the documentation provided regarding the assignment is insufficient under the Bankruptcy Code and the applicable Rules of Bankruptcy Procedure, and that the assignment does not comply with state law noticing requirements.  Because the proof of claim, as amended, does provide sufficient evidentiary support for the assignment, and because the

assignment is enforceable under applicable state law, the debtors' motion to expunge eCAST's proof of claim is denied.

### FACTS

The debtors, Todd W. and Deneen Lafferty, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 3, 2011. As is relevant here, the debtors listed a total of $136,870.06 in unsecured debt on their Schedule F, including a debt owed by Deneen Lafferty to CitiCards/ CitiBank in the amount of $26,322 under a specified account number.[1] The debtors' Chapter 13 plan was confirmed on August 11, 2011, requiring them to make payments of $1,800 a month for 60 months to satisfy attorney's fees of $3,104 and a priority tax claim in the amount of $1,125, with the remainder to be applied as a pro rata distribution to be shared among all unsecured creditors with allowed claims.

On July 26, 2011, eCAST Settlement Corporation (hereinafter "eCAST"), as an assignee of Citibank (South Dakota), N.A., filed a general unsecured claim in the amount of $26,297.34 based on a prepetition Citibank credit card account used by the debtor, Deneen Lafferty. In Box 3a on the proof of claim, eCAST noted that the "Debtor may have scheduled [the] account as: Citibank

---

[1] It appears that the debtors redacted the last 4 digits of the account number, rather than all but the last 4 digits, as otherwise authorized. See FED.R.BANKR.P. 9037(a)(4).

(South Dakota), N.A."[2]  eCAST appended to its proof of claim a copy of a two paragraph document entitled "Bill of Sale and Assignment," dated June 29, 2011, between Citibank, N.A., f/k/a Citibank (South Dakota), N.A., and eCAST, transferring and assigning to the assignee certain "Accounts described in Exhibit 1 and the final electronic file."  The transfer was made subject to the terms of a Purchase and Sale Agreement dated June 24, 2010.  The document was signed by Patricia Hall, Financial Account Manager for Citibank, N.A.  The claimant did not append a copy of "Exhibit 1" or the "final electronic file."  Rather, eCAST provided a document entitled an "Explanation Of Unavailable Or Voluminous Documentation Not Attached" which advised that the documentation regarding the sale/assignment and the actual accounts transferred was voluminous and not included with the proof of claim.  The notice stated that the debtor's account was "transferred to eCAST on or about 6/29/2011 through delivery of a voluminous electronic sale file," and explained that the underlying electronic file contained personal and private information of other unrelated customers in addition to that of the debtor.  The "Account Information Summary" also appended to the proof of claim included the debtor's name, the last 4 digits of her social security number, her address, the last 4 digits of her account number with Citibank, her account balance as of the filing date, and the opening, charge off and last payment dates on the debtor's credit card account.

---

[2]     eCAST correctly omitted all but the last 4 digits of the account number.

Following the filing by the debtors of their motion to expunge eCAST's proof of claim, eCAST amended and supplemented its proof of claim with various submissions, including affidavits from both the assignor and assignee of the claim, as well as copies of the monthly activity records for the credit card account. The assignor's affidavit was prepared by Shelley R. Baker, an employee of Citicorp Credit Services, Inc., a subsidiary of Citibank, N.A., who identifies her duties as including "having knowledge of and access to" the debtor's credit card account records. She explains that these records were maintained in the regular course of business, and that she is able to provide certain information associated with the debtor's credit card account, including the last 4 digits of the debtor's credit card account number, the date the account was opened, the last 4 digits of the debtor's (Deneen Lafferty's) social security number and the outstanding amount due. Ms. Baker states that the debtor's account was sold to eCAST on or about June 29, 2011, that Citibank (South Dakota), N.A. merged into Citibank, N.A. "in or about July 2011," and that Citibank "retained no ownership interest in the account after it was sold."

For the assignee, an affidavit submitted by Edward P. Benison, an Executive Vice President for eCAST, confirms that the debtor's account was purchased by eCAST from Citibank (South Dakota), N.A. on June 29, 2011, and that he has personal knowledge of the transaction.

From the outset, the debtors have focused their challenge on the nature of the documentation that is required to establish the validity of the creditor's assignment of the underlying debt rather than upon the validity of the actual underlying debt, which the debtors do not dispute. Initially, the debtors' primary concern was that the blanket assignment attached to the original proof of claim did not connect the assignor and the assignee to the debtor's particular account. The affidavits submitted by the assignor and the assignee specifically confirm the assignment of the claim against the debtor to eCAST, and definitively establish the standing of eCAST to assert the proof of claim.[3]

Notwithstanding the debtors' acknowledgment that the underlying debt is not disputed, and the confirmation of the assignor-assignee relationship between Citibank and eCAST as to the debtor's account, the debtors continue to assert that the assignment of the claim to eCAST is unenforceable or defective on several grounds. First, the debtors aver that under New Jersey state law, a valid assignment requires that the transaction must evidence a

---

[3]    The debtors complain that the affidavits constitute inadmissible hearsay and violate the best evidence rule. These concerns are rejected. "When a motion relies on facts outside the record, the court may hear the matter on affidavits. . . ." FED.R.CIV.P. 43(c). See also FED.R.BANKR.P. 9017 and D.N.J. LBR 9013(i) ("Unless the Court authorizes or directs otherwise prior to the return date, no testimony shall be taken on a motion except by certification or affidavit under FED.R.CIV.P. 43(e) [sic] and FED.R.BANKR.P. 9017."). The affidavits submitted here appear to be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. See also FED.R.CIV.P. 56(c)(4). It is also noted that debtors' counsel first sought the opportunity to examine the affiants, but subsequently withdrew the request.

clear intent to transfer the account, that the subject of the assignment be readily identified, and that notice of the assignment be given to the debtors, requirements that eCAST failed to satisfy.  Second, the debtors complain that the merger among the Citibank entities described in the assignor's affidavit is not sufficiently documented, and that Citibank, N.A. improperly assigned the claim to eCAST on June 29, 2011, before it had actually merged with the holder of the account, Citibank (South Dakota), N.A. in July 2011.  Both of these arguments must fail.

## **DISCUSSION**

In the normal course of the bankruptcy process, after the debtor has filed a bankruptcy petition and schedules, creditors are afforded an opportunity to file proofs of claim under 11 U.S.C. § 501(a).  Upon filing, a creditor's proof of claim is deemed allowed, unless a party in interest objects.  11 U.S.C. § 502(a).  Upon receipt of an objection, the court must determine the amount of the claim to be allowed after notice and a hearing.  11 U.S.C. § 502(b).  To the extent that the proof of claim is executed and filed in accordance with these rules, it is afforded "prima facie evidence of the validity and amount of the claim." FED.R.BANKR.P. 3001(f).  "[A] proof of claim that alleges sufficient facts to support liability satisfies the claimant's initial obligation to proceed, after which the burden shifts to the objector to produce sufficient evidence to negate the prima facie validity of the filed claim." In re Lampe, 665 F.3d 506, 514 (3d Cir.

6

2011) (citing to In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)). However, "the claimant always has the burden of persuasion in a contested proceeding." Id.  Among the statutory grounds for disallowance of a claim is that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b)(1).

As noted above, the debtors first contend that the assignment to eCAST is unenforceable under New Jersey state law on several grounds.  The debtors correctly note that "[t]he 'basic federal rule' in bankruptcy is that state law governs the substance of claims." Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 20, 120 S. Ct. 1951, 1955, 147 L.Ed.2d 13 (2000).  Under New Jersey law, "[a] valid assignment must contain clear evidence of the intent to transfer the person's rights and 'the subject matter of the assignment must be described sufficiently to make it capable of being readily identified.'" Berkowitz v. Haigood, 256 N.J. Super. 342, 346, 606 A.2d 1157, 1159 (Law Div. 1992). Here, the proof of claim submitted by eCAST, as originally filed and as supplemented, clearly evidences the assigner's intent to transfer the debtor's account, and describes the account sufficiently to make it readily identifiable. The debtors also correctly recite the principle of New Jersey assignment law that "the obligor must be properly notified of the existence of the assignment" before he or she is obligated to pay the assignee. Id.  Under New Jersey law, however, the assignment of a debtor's past due credit card account, which may

7

be characterized as an account receivable, need not be noticed to the debtor to sustain its validity. "[A]n assignment [of an account receivable] is valid without notice." In re Rosen, 66 F.Supp. 174, 178 (D.N.J.), aff'd, 157 F.2d 997 (3d Cir. 1946), cert. denied, Fisch v. Standard Factors Corp., 330 U.S. 835, 67 S. Ct. 972, 91 L.Ed. 1282 (1947). See also Hirsch v. Phily, 4 N.J. 408, 414, 73 A.2d 173, 176 (1950) ("The validity of these assignments . . . is in no way affected by the fact that . . . no notice of the assignment was given to the customers concerned."). Because there is no support for the debtors' contention that the assignment to eCAST would be unenforceable under New Jersey state law, the debtors' objections in this regard are overruled.

The debtors' next challenge relates to the merger of Citibank (South Dakota), N.A. with Citibank, N.A., and the timing of the assignment of the claim at issue here to eCAST. The debtors' contention that the merger of the Citibank entities is not sufficiently documented must be rejected, because, in addition to the affidavit of Shelley R. Baker attesting to the merger, the creditor produced a document entitled the "Plan of Bank Merger" between Citibank, N.A. and Citibank (South Dakota), N.A., providing for the merger of Citibank (South Dakota), N.A. into Citibank, N.A. As well, as the creditor has reflected, the details of the merger are a matter of public record.[4] The debtors have produced no evidence to negate the fact that the merger occurred.

---

[4]    See the website of the Securities and Exchange Commission, located at: http://www.sec.gov/Archives/edgar/data/839947/000083994711000018/0000839947-11-000018-index.htm.

As to the timing of the assignment of the claim to eCAST, the following is a recitation of the chronology set forth in the creditor's submissions:

1. The claim was initially acquired by Citibank (South Dakota), N.A. in 2002.
2. A Purchase and Sale Agreement dated June 24, 2010 was entered into between Citibank (South Dakota), N.A. (the "Bank") and eCAST Settlement Corporation (the "Buyer"), whereby the Bank agreed to transfer, sell and assign certain accounts to the Buyer.
3. A "Plan of Bank Merger" dated March 29, 2011 governed the merger between Citibank, N.A. and Citibank (South Dakota), N.A. The document provides that the merger would become effective "the later of: (i) the time specified in a merger approval to be issued by the Comptroller of the Currency of the United States, and (ii) such other date to which the parties may agree in writing."
4. The claim at issue here was transferred, sold and assigned to eCAST on June 29, 2011, subject to the terms of the Purchase and Sale Agreement. eCAST, by its Executive Vice President Edward P. Benison, declared under penalty of perjury that eCAST purchased the account on June 29, 2011 from Citibank (South Dakota), N.A. Somewhat inconsistently, the Bill of Sale and Assignment also attached to the Proof of Claim, which was dated June 29, 2011

9

>   and signed by Patricia Hall, the Financial Account Manager of Citibank, N.A., reflects that the seller of the account to eCAST was "Citibank, N.A. (f/k/a Citibank (South Dakota), N.A.)" rather than Citibank (South Dakota), N.A.
>
> 5. Citibank (South Dakota), N.A. merged into Citibank, N.A. "in or about July 2011." Affidavit of Shelley R. Baker.

The debtors assert that the inconsistency in the submissions raises a question about whether Citibank, N.A. was the actual assignor of the account, and, if so, whether Citibank, N.A. owned the account at the time of the assignment. These questions need not be answered, because the proofs submitted, including attestations from both the assignor and assignee, establish that eCAST is properly identified as the owner of the claim that the debtors are obligated to pay. Most significantly, Citibank (South Dakota), N.A., the original owner of the account, merged with Citibank, N.A. A competent representative of Citibank, N.A. has confirmed that the merged entity "retained no ownership interest in the account after it was sold." Affidavit of Shelley Baker. All three of the entities who were party to the assignment, including Citibank (South Dakota), N.A., Citibank, N.A., and eCAST, agree that the debtor's account was validly purchased by and assigned to eCAST on June 29, 2012. The debtors' challenge to the assignment on this ground must fail.[5]

---

[5]    The record does not indicate the exact date that the merger between Citibank, N.A. and Citibank (South Dakota), N.A. was finalized. We are informed only that the merger took place "in or about July 2011." If we

As a general matter, on the issue of the proofs needed to establish a valid assignment of a claim, Rule 3001(e)(1) is implicated. FED.R.BANKR.P. 3001(e)(1). Under Rule 3001(e)(1), if a claim has been transferred before a proof of claim has been filed, the proof of claim may be filed only by the transferee. FED.R.BANKR.P. 3001(e)(1). As noted by eCAST, there is no requirement in Rule 3001(e)(1) that a claimant must provide evidence of the transfer or assignment.[6] In contrast, if a claim is transferred after a proof of claim is filed, Rule 3001(e)(2) requires that "evidence of the transfer shall be filed by the transferee." FED.R.BANKR.P. 3001(e)(2). If the alleged transferor does not object, the transferee is then substituted on the record for the original claimant.

Rule 3001(e)(1) was amended in 1991 to delete the requirement that if a claim is transferred after the filing of the petition, the proof of claim must be supported by a statement of the consideration for the transfer, and either an

---

assume that the merger took place on June 29, 2011 or earlier, then the apparent inconsistencies contained in the various documents submitted would be resolved.

[6]    As of December 1, 2012, an amendment to Rule 3001(c) went into effect adding subsection (c)(3) to specifically address open-end or revolving consumer credit agreements. The revised rule includes subsection (c)(3)(A), which requires the claimant to include the name of the entity that it purchased the claim from, the name of the entity to whom the debt was owed at the time of the last transaction, the date of the last transaction and last payment, and the date when the account was charged off. Rule 3001(c)(3)(B) requires the claimant to provide a copy of the credit agreement upon written request within 30 days.

acknowledgement by the transferor of the transfer, or a statement by the transferee to explain why a statement from the transferor could not be obtained.[7] The 1991 Advisory Committee Note confirms the deletion of the requirement that evidence of a transfer of the claim must be submitted, as follows:

> Subdivision (e) is amended to limit the court's role to the adjudication of disputes regarding transfers of claims. If a claim has been transferred prior to the filing of a proof of claim, there is no need to state the consideration for the transfer or to submit other evidence of the transfer. . . . This rule is not intended either to encourage or discourage postpetition transfers of claims or to affect any remedies otherwise available under nonbankruptcy law to a transferor or transferee such as for misrepresentation in connection with the transfer of a claim.

FED.R.BANK.P. 3001(e) Advisory Committee Note (1991).

Courts have split on the import of Rule 3001(e)(1) on the question of whether and to what extent documentation must be provided by the assignee with respect to an assignment to establish a prima facie case. See In re Samson, 392 B.R. 724, 729-30 (Bankr. N.D.Ohio 2008) (discussing cases). Some courts, citing to the 1991 Advisory Committee Note, have ruled that a

---

[7] Prior to the amendment of the rule in 1991, Rule 3001(e)(1) provided:

> *(1)    Unconditional Transfer Before Proof Filed.*  If a claim other than one based on a bond or debenture has been unconditionally transferred before proof of the claim has been filed, the proof of claim may be filed only by the transferee. If the claim has been transferred after the filing of the petition, the proof of claim shall be supported by (A) a statement of the transferor acknowledging the transfer and stating the consideration therefor or (B) a statement of the transferee setting forth the consideration for the transfer and why the transferee is unable to obtain the statement from the transferor.

FED.R.BANKR.P. 3001(e)(1) (1983).

creditor that holds a transferred claim that was assigned before a proof of claim was filed is not required to attach proof of the assignment to its proof of claim. See, e.g., In re Starr, No. 10–40001–TOM–13, 2011 WL 482829, *4 (Bankr. N.D.Ala. Feb. 7, 2011); In re Simms, No. 06–1206, 2007 WL 4468682, *3 (Bankr. N.D.W.Va. Dec. 17, 2007) (declining to "impose any additional requirement on a claim transferee that does not appear in the Rules of Bankruptcy Procedure or the statute itself"). See also In re Cox, No. 06–11717–CAG, 2007 WL 4219407, *4 (Bankr. W.D.Tex. Nov. 28, 2007); In re Griffin, No. 06–11130–FM, 2007 WL 1467145, *2 (Bankr. W.D.Tex. May 17, 2007); In re Gonzalez, 356 B.R. 905, 907 (Bankr. S.D.Fla. 2006); In re Relford, No. 03-22614-JKC-13, 2005 Bankr. LEXIS 1597 (Bankr. S.D.Ind. Apr. 26, 2005).

Other courts have concluded that supporting documentation evidencing proof of the assignment is required under Rule 3001(c), because Rule 3001(e) "merely establish[es] who is entitled to file a proof of claim and not what evidence is necessary to prove its ownership." In re Kincaid, 388 B.R. 610, 617 (Bankr. E.D.Pa. 2008). See, e.g., In re Taranto, No. 10–76041–AST, 2012 WL 1066300, *7 (Bankr. E.D.N.Y. Mar. 27, 2012); In re O'Brien, 440 B.R. 654, 662 (Bankr. E.D.Pa. 2010) (claimant must provide documentation or a summary of the assignment); In re Gilbreath, 395 B.R. 356, 361-62 (Bankr. S.D.Tex. 2008); In re Kendall, 380 B.R. 37, 47 n.11 (Bankr. N.D.Okla. 2007). In Taranto, Judge Trust was of "the view that Rule 3001(e) does not relieve an assignee creditor from the obligation to provide competent proof of the assignment and

the underlying debt, but simply limits who may file the claim to the assignee who has acquired the claim." Id. at *7.  As to the nature of the documentation necessary to demonstrate the assignment, Judge Trust opined that such documentation "'does not have to be exacting—e.g., the documentation for the assignment does not have to specify a debtor's particular account number.  Instead, evidence of a blanket assignment may suffice.'" Id. (quoting In re Samson, 392 B.R. 724, 730 (Bankr. N.D.Ohio 2008)).  See also In re Richter, 478 B.R. 30, 43 (Bankr. D.Colo. 2012) (agreeing with those courts that "requir[e] some documentation, either assignment documents or a summary of the transfer and chain of assignment, for any assigned claims based on credit card debt").

     Given the facts presented here, as Judge Eric Frank recently reflected on a similar question, we "need not wade deeply into this jurisprudential thicket." In re O'Brien, 440 B.R. at 661.  If we assume that sufficient documentation of the assignment of the account at issue to eCAST is necessary to establish the opportunity of eCAST to file the proof of claim, we can readily conclude that such documentation has been supplied.  Here, both the assignor and the assignee confirm by their affidavits that eCAST acquired the account on June 29, 2011, and is presently the true owner of the account.  There is no dispute between the merged Citibank, N.A., which now includes Citibank (South Dakota), N.A., and eCAST in that regard.  eCAST is the only party who may file a proof of claim on the debtor's credit card account.  Other indicia of ownership

of the account by eCAST have been submitted, including the debtor's monthly activity records, the last 4 digits of the debtor's credit card account number, the date the account was opened, the last 4 digits of the debtor's social security number and the outstanding amount due, which is nearly identical to the amount listed in the debtors' schedule. The court's role in this regard is limited "to the adjudication of disputes regarding transfers of claims." FED.R.BANKR.P. 3001(e) Advisory Committee Note (1991). In the absence of such a dispute, the court will not disallow the claim on the basis of the debtors' challenge to the timing of the merger between Citibank, N.A. and Citibank (South Dakota), N.A.

The debtors' motion for expungement of eCAST's proof of claim, as filed and later amended, is denied. An order to this effect has been entered.

Dated: December 19, 2012

_____
JUDITH H. WIZMUR
JUDGE, U.S. BANKRUPTCY COURT